UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BRIEEN EIFERT,

    Plaintiff,                                    Case No. 3:16-cv-440

vs.

COMMISSIONER OF                       Magistrate Judge Michael J. Newman
SOCIAL SECURITY,                       (Consent Case)

    Defendant.

---

**DECISION AND ENTRY: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING AS SUPPORTED BY SUBSTANTIAL EVIDENCE; AND (2) TERMINATING THIS CASE ON THE COURT'S DOCKET**

---

This Social Security disability benefits appeal is before the undersigned for disposition based upon the parties' consent. Doc. 8. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB"). This case is before the Court on Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 10), Plaintiff's reply (doc. 11), the administrative record (doc. 6),[1] and the record as a whole.

**I.**

**A.    Procedural History**

Plaintiff filed for DIB alleging a disability onset date of July 15, 2011. PageID 227-30. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, right eye blindness, partial loss of central visual acuity in the left eye, seizures, and obstructive sleep apnea. PageID 67.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of her application, Plaintiff received a hearing before ALJ George G. Kenyon on January 20, 2015. PageID 81-110. The ALJ issued a decision on March 19, 2015 finding Plaintiff not disabled. PageID 65-74. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a full range of work at all exertional levels subject to specific non-exertional limitations, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 164-69.

Thereafter, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his non-disability finding the final administrative decision of the Commissioner. PageID 46-48. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

### B. Evidence of Record

The evidence of record is adequately summarized in the ALJ's decision (PageID 65-74), Plaintiff's Statement of Errors (doc. 9) the Commissioner's memorandum in opposition (doc. 10), and Plaintiff's reply (doc. 11). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?;

2. Does the claimant suffer from one or more severe impairments?;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

Plaintiff argues, generically, that the ALJ erred "at Steps Four and Five of the Sequential Evaluation." PageID 781. Although not separated in Plaintiff's brief, it appears to the Court that Plaintiff is alleging two independent errors; namely, that the ALJ erred by: (1) failing to include all of Plaintiff's limitations in the RFC; and (2) improperly assessing Plaintiff's credibility. Doc. 9 at PageID 781-82.

Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed Plaintiff's credibility; posed appropriate hypothetical questions to the VE; accurately determined Plaintiff's RFC; and appropriately concluded, at Step Five, that Plaintiff can perform significant number of jobs in the national economy.

**A. RFC**

Plaintiff alleges the ALJ failed to properly assess her RFC. PageID 781-82. Social Security regulations vest the ALJ with "responsibility for reviewing the evidence and making findings of fact and conclusions of law." 20 C.F.R. § 404.1527(e)(2). "Physicians render opinions on a claimant's RFC, but the ultimate responsibility for determining a claimant's capacity to work lies with the Commissioner." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010); *see also* 20 C.F.R. § 404.1546(c). The ALJ is responsible for assessing a claimant's RFC based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). An ALJ is not required to adopt precise limitations offered by a single medical source in assessing a claimant's RFC. *Id.*

Here, the ALJ thoroughly reviewed the medical record and the medical opinions from all physicians of record (including treater Gebele's opinion) and reasonably determined Plaintiff's RFC based on the objective medical evidence. PageID 67-72. Accordingly, the undersigned finds Plaintiff's first assignment of error is without merit.

**B. Credibility**

The Court interprets Plaintiff's next challenge as alleging error in the ALJ's credibility finding. PageID 782. The ALJ, and not this Court, "evaluate[s] the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). A reviewing Court must "accord the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which we do not, of observing a witness's demeanor while testifying." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (citations omitted).

Nevertheless, in setting forth a credibility finding, the ALJ's determination "cannot be based on an intangible or intuitive notion about an individual's credibility[,]" and instead, "[t]he

5

reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision." *See* SSR 96-7p, 1996 WL 374186, at *7 (July 2, 1996). In fact, the ALJ must set forth "specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Id.*

Contrary to Plaintiff's assertion, the ALJ's credibility analysis sets forth a specific explanation as to why he found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms "are not credible to the extent they are inconsistent with the [RFC created]." PageID 70-72. The ALJ cites numerous inconsistencies between the objective evidence in the record and Plaintiff's testimony. *See* PageID 69, 70-72, 93-94, 238. The ALJ's analysis of Plaintiff's credibility is therefore supported by substantial evidence and, as a result, the undersigned finds Plaintiff's contention regarding the ALJ's credibility assessment to be without merit.

## IV.

The Court thus **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the Court's docket.

**IT IS SO ORDERED.**

Date:   January 29, 2018               s/ Michael J. Newman
                                                              Michael J. Newman
                                                              United States Magistrate Judge